UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STATE OF MISSISSIPPI EX REL LYNN FITCH
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI                    PLAINTIFF

V.                                                    No. 3:22-cv-00147-MPM-JMV

JEFFREY COURTJAY JACKSON                                         DEFENDANT

### ORDER

On July 27, 2022, Magistrate Judge Virden issued a Report and Recommendation in which she found that "[t]he undersigned reports that there are simply no facts plead whatsoever, much less plead so as to plausibly give rise to a non-frivolous claim over which this court might exercise federal subject matter jurisdiction." [Docket entry 4 at 2] In so finding, Judge Virden noted that, while Jeffrey Jackson is listed as the defendant in this matter, he is actually the *pro se* plaintiff. Moreover, Jackson asserts essentially the same claims in this action, arising out of a traffic ticket he received, which this court recently dismissed as frivolous in another case which he filed.

In a July 20, 2022 order in *Jackson v. Lyons,* 3:22cv95 (N.D. Miss. 2022) this court wrote that:

> The *pro se* plaintiff Jeffrey Courtnay Jackson has filed an Amended Complaint in the above-entitled action, and this court finds this filing to be patently frivolous and worthy of dismissal. This action arises from a simple speeding ticket which plaintiff received after he was stopped by Mississippi Highway Patrol Trooper John Lantern. Jackson contested the ticket in Panola County Justice Court and sent copies of his legal filings to Mississippi Attorney General Lynn Fitch. Jackson now sues Trooper Lantern, the Mississippi Highway Safety Patrol ("MHP"), and Attorney General Fitch under 42 U.S.C. § 1983, alleging that his constitutional rights were violated.
> In his Amended Complaint, plaintiff takes issue not only with the constitutionality of the traffic ticket he received in this case, but rather the basic legality of *any* officer writing traffic tickets. Specifically, plaintiff alleges that "[t]he structure of the traffic ticket R.I.C.O.

1

> scheme shows that it is unconstitutional starting at the gate when the police officer signs in the place of a judicial officer of the court." [Amended Complaint at 16]. Plaintiff also casts a harsh judgment upon the basic legality of Mississippi's judicial proceedings relating to traffic tickets, writing that "[i]t appears traffic court judge is not a real judge with legal judicial authority" and demanding that this court so hold. [*Id.* at 3]. Plaintiff combines these and other frivolous legal claims with fantastical requests for relief, such as that this court grant him "complete control of the state court's corporate charter," that it "revoke the state court judge's license to practice law" that it "order the officer John Lantern not to have contact with the plaintiff without an officer corporate supervisor present." [*Id.* at 3]. Along with this injunctive and declaratory relief, plaintiff demands that he be awarded twenty million dollars in damages. [*Id.* at 3].
>
> Based upon these and similar allegations, this court regards the Amended Complaint as a whole to be frivolous on its face, and it concludes that none of the defendants in this case should be burdened with dealing with it any further.

[Slip op. at 2-3].

Based upon these prior conclusions, it should come as no surprise that this court agrees with the Magistrate Judge's recommendation that this case be dismissed as frivolous, for the reasons stated in her order, and it will be so ordered.

It is therefore ordered that this case is dismissed as frivolous.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 17th day of October, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI